IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

|  |  |
|---|---|
| TERESA GIVENS and, <br> LLOYD GIVENS, <br>       Plaintiffs, <br><br> v. <br><br> WAFFLE HOUSE, INC., <br>       Defendant. | Civil Action No. <br> 1:03-CV-3367-WSD |

**MOTION FOR LEAVE TO SUPPLEMENT
PLAINTIFFS' SUMMARY JUDGMENT OPPOSITION RECORD**

Plaintiffs Teresa and Lloyd Givens ("the Givens" or "Plaintiffs") hereby move the Court for leave to supplement Plaintiffs' summary judgment opposition record with the following supporting facts obtained from the June 30, 2005 deposition of Stephanie Wells ("the Wells Deposition")[1]:

---

[1] As set forth in Plaintiffs' Opposition to Defendant's Motion for Leave to Supplement the Record, filed contemporaneously with this motion, after both parties were unable to locate Ms. Well's during the discovery period, Waffle House provided a Declaration from Ms. Well's after Plaintiffs had already filed an opposition to Defendants' summary judgment motion. While Defendants did not object to Plaintiffs taking Ms. Well's deposition, they refused to agree to permit Plaintiffs to supplement the summary judgment record with her testimony, only to seek to do so themselves after the deposition was taken.

1. Ms. Wells never personally used Waffle House's Associate Hotline to report employee or managerial misconduct or for any other reason, nor is she aware of anyone who has ever used the Associate Hotline for any purpose. *See* Wells Deposition ("Wells Dep.") (non-confidential excerpts of which are attached hereto as Exhibit A) at 55:12-16, 67:11-14.

**Supporting Plaintiffs' Statement of Material Facts that Present a Genuine Issue for Trial ("PSF") at ¶¶ 176, 178, 190, 193.**

2. Ms. Wells agreed that the Associate Hotline should be used to report sexual harassment, but she did not report the sexual harassment she was subjected to via the Associate Hotline. *See* Wells Dep. at 66:12-23, 69:25-70:2, 78:20-79:7.

**Supporting PSF at ¶ 193.**

3. Ms. Wells believes, in part, that she was fired in retaliation for having reported managerial misconduct (sexual harassment) to one of her managers. *See* Wells Dep. at 73:11-74:25.

**Supporting PSF at ¶ 193.**

4. Ms. Wells believes that her district manager, Tom Dollar, violated Waffle House's policies in handling her sexual harassment complaint. *See* Wells Dep. at 80:21-23.

**Supporting PSF at ¶ 193.**

5. Ms. Wells does not recall her unit manager, Tim Tillman, ever disciplining a single employee for discriminatory or harassing behavior. *See* Wells Dep. at 48:6-13.

**Supporting PSF at ¶ 193.**

6. Ms. Wells does not even recall any customer service complaints or complaints of discrimination at Waffle House. *See* Wells Dep. at 54:9-12, 58:7-59:7.

**Supporting PSF at ¶¶ 176, 178, 190, 193, 195.**

7. Ms. Wells concedes that it was unlikely that she would have seen the other waitress on duty, Debbie Phillips, interacting with customers. *See* Wells Dep. at 53:7-17.

**Supporting PSF at ¶¶ 106, 195.**

8. Ms. Wells has no recollection of the facts at issue in this case. *See* Wells Dep. at 38:1-13.

**Supporting PSF at ¶ 195.**

002.1436177.1

9.  Ms. Wells indicated that whichever waitress saw customers walk through the door should be the one to greet them. *See* Wells Dep. at 57:22-58:6.

**Supporting PSF at ¶¶ 104, 107-111, 113, 115-116, 135, 142-144, 146, 149, 192, and Responses contained in PSF at ¶¶ 8, 10, 28, 31, 54.**

### Response to Waffle House's Requested Supplementation of the Record:

Plaintiffs note the following additional facts supportive of its summary judgment record from the Wells Deposition, in response to Waffle House's bullet-pointed requested supplementations of the record:

### DEFENDANT'S REQUESTED SUPPLEMENTATION:

- Ms. Wells received in-person training regarding Waffle House's non-discrimination policies from "a representative from HR for Waffle House," as well as her Unit Manager. *See* Wells's Dep. at 19-22, 87-88.
  **Supporting: Defendant's Statement of Undisputed Material Facts ("D's SMF") at ¶ 78; Defendant's Response to Plaintiffs' Statement of Material Facts that Present a Genuine Issue for Trial ("Response to Ps' SMF") at ¶¶ 174, 184, and 186.**

### PLAINTIFFS' RESPONSE:

Ms. Wells indicated that the bulk of her training at Waffle House occurred at a different unit before she began work at unit 960, and that her unit 960 manager, Tim Tillman, was not involved with that portion of her training. The training she received from Mr. Tillman apparently

4

consisted of reviewing the posters at unit 960 when she began work at the unit. *See* Wells Dep. at 23:9-19, 87:22-88:9. **Supporting PSF at ¶ 184, 185 and Response contained in PSF at ¶ 78.**

Furthermore, Defendant has incorrectly claimed that the cited portions of the Wells Deposition support Defendant's Response to Plaintiffs' Statement of Material of Facts at ¶¶ 184, 186. Paragraphs 184 and 186, respectively, discuss the lack of training by a human resources representative at the Marietta Waffle House, and David Anderson's lack of training by his unit 960 manager, neither of which are contradicted by Ms. Wells' testimony.

### DEFENDANT'S REQUESTED SUPPLEMENTATION:

- Ms. Wells's customer non-discrimination training consisted of "the pamphlets that [management] had given out to us, going over them, making sure we understood them, and if we had any questions, to answer them, and - - and taking about it, also, not just for the pamphlets and handouts they gave us, but also just talking about it." *Id.* at 22.
**Supporting: D's SMF at ¶ 78; Response to Ps' SMF at ¶ 174.**

### PLAINTIFFS' RESPONSE:

This described training was not done at unit 960, and Ms. Wells did not attend this training with any other employees from unit 960. *See*

5

002.1436177.1

Wells Dep. at 22:17-23:25. Therefore, it is not clear what training other unit 960 employees received.

**Supporting PSF at ¶ 175, 177, 179, 181, 183-186 and Response contained in PSF at ¶ 78.**

### DEFENDANT'S REQUESTED SUPPLEMENTATION:

- During Waffle House's customer non-discrimination training, Ms. Wells learned that customer discrimination, "wasn't tolerated and if we were to ever see it to a customer or to another employee, to call the employee number and the hotline and to report it, let our manager know and that was something that they did not tolerate." *Id*. at 22-23.
**Supporting:  D's SMF at ¶ 78; Response to Ps' SMF at 174.**

### PLAINTIFFS' RESPONSE:

Ms. Wells, however, indicated that she was not aware of *anyone* who had *ever* used the hotline to report *any* incident, let alone instances of discrimination, and that she herself had not used the hotline, even though it should have been used to report harassment such as the harassment she was subjected to by her unit manager at the Austell Road Waffle House, Timothy Mack. *See* Wells Dep. at 55:12-16, 66:12-23, 67:11-14; 69:25-70:2, 78:20-79:7.

**Supporting PSF at ¶¶ 176, 178, 190, 193.**

6

002.1436177.1

**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- Ms. Wells also watched a 15-20 minute video with a number of her co-workers and an HR representative, wherein Waffle House's owner discussed "Waffle House policies about discrimination, how to treat customers, and if we have any kind of problem with them, how we should handle it." *Id*. at 9-10, 18-19. **Supporting:  D's SMF at ¶ 78; Response to Ps' SMF at ¶ 174.**

    **PLAINTIFFS' RESPONSE**:

    Ms. Wells offered no indication that this video was ever shown at unit 960 or to any other unit 960 employees.  *See* Wells Dep. at 18:6-19:17, 23:9-25.

    **Supporting PSF at ¶ 175, 177, 179, 181, 184-186 and Response contained in PSF at ¶ 78.**


**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- During her training Ms. Wells also received a Smart Start card, which "talks about not to discriminate against anybody regardless of sex, race …" *Id*. at 62-63.  This card was read aloud during meetings at Unit 960.  *Id*. at 63-64. **Supporting:  D's SMF at ¶ 78; Response to Ps' SMF at 174.**

    **PLAINTIFFS' RESPONSE**:

    Although Ms. Wells indicates that the Smart Start card was used at meetings at Unit 960 (s*ee* Wells Dep. at 62-64), this information is

7

contradicted by Mr. Anderson, as cited in Plaintiffs' Statement of Material Facts, who indicated that employees did not regularly carry their Smart Start cards with them, and only some employees had even read it once or twice. *See* **PSF at ¶¶ 180, 181 and Response contained in PSF at ¶ 78.**

**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- Ms. Wells never witnesses co-workers Debbie Phillips, David Anderson or Linda Anderson mistreat a customer because of that customer's race. *Id*. at 52-53.
  **Supporting:  Response to Ps' SMF at ¶¶ 187 and 188.**

    **PLAINTIFFS' RESPONSE**:

    Ms. Wells, however, acknowledged that she did not have many opportunities to see the other waitress on duty, Debbie Phillips, interact with customers, since she was occupied with other things. *See* Wells Dep. at 53:7-17.  She also indicated she was not aware of any complaints of discrimination at Waffle House, despite several recorded complaints at unit 960 alone. *See* Wells Dep. at 54:9-12, 58:23-59:7.  **Supporting PSF at ¶¶ 106, 176, 178, 190, 193, 195.**

Furthermore, Defendant has incorrectly claimed that this portion of the Wells Deposition supports Defendant's Response to Plaintiffs' Statement of Material of Facts at ¶¶ 187, 188.  Ms. Wells' failure to observe certain events does not contradict testimony and evidence to the contrary about the occurrence of those events.

**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- Ms. Wells never witnessed any form of race discrimination at Unit 960.  "If I did, I would have reported it immediately to somebody and called the [Waffle House] hotline." *Id.* at 31.
  **Supporting:  Response to Ps' SMF at ¶¶ 187 and 188.**

**PLAINTIFFS' RESPONSE**:

Again, however, Ms. Wells indicated that she was not aware of *anyone* who had *ever* used the hotline to report *any* incident, let alone instances of discrimination, and that she herself had not used the hotline, even though it should have been used to report harassment such as the harassment she was subjected to by her unit manager at the Austell Road Waffle House, Timothy Mack.  *See* Wells Dep. at 55:12-16, 66:12-23, 67:11-14, 69:25-70:2, 78:20-79:7.  **Supporting PSF at ¶¶ 176, 178, 190, 193.**

9

Furthermore, Defendant has incorrectly claimed that this portion of the Wells Deposition supports Defendant's Response to Plaintiffs' Statement of Material of Facts at ¶¶ 187, 188.  Ms. Wells' failure to observe certain events does not contradict testimony and evidence to the contrary about the occurrence of those events.

**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- Ms. Wells does not believe that she would have been retaliated against for calling the Associate Hotline, if she had a reason to do so. *Id.* at 87.
**Supporting:  Response to Ps' SMF at ¶ 193.**

   **PLAINTIFFS' RESPONSE**:

   Ms. Wells, however, feels, at least in part, that she was retaliated against based on her complaint of sexual harassment by a manager, and she nor anyone else she is aware of ever used the hotline.  *See* Wells Dep. at 55:12-16, 67:11-14, 73:11-74:17.

   **Supporting PSF at ¶ 193.**

**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- As a Waffle House customer, Ms. Wells (who is white) has waited "about 30 minutes when it's busy" before being greeted at a Waffle House restaurant. *Id.* at 89.

002.1436177.1

**Supporting: Response to Ps' SMF at ¶ 124.**

**PLAINTIFFS' RESPONSE**:

Ms. Wells, however, indicated that it is the responsibility of the waitress who sees a customer enter the restaurant to greet the customer, even when only two waitresses were on duty. *See* Wells Dep. at 57:22-58:6. **Supporting PSF at ¶¶ 104, 107-111, 113, 115-116, 135, 142-144, 146, 149, 192, and Responses contained in PSF at ¶¶ 8, 10, 28, 31, 54.**

Furthermore, Defendant has incorrectly claimed that this portion of the Wells Deposition supports Defendant's Response to Plaintiffs' Statement of Material of Facts at ¶ 124. Whether or not Ms. Wells has herself waited to be greeted at a Waffle House restaurant has no bearing on how long the Givens were waiting in the restaurant.

**DEFENDANT'S REQUESTED SUPPLEMENTATION:**

- As a customer, Ms. Wells has placed her own order with the cook at a Waffle House restaurant. *Id.* at 89-90.
  **Supporting: D's SMF at ¶¶ 35-36; D's Response to Ps' SMF at ¶ 130.**

    **PLAINTIFFS' RESPONSE**:

    Ms. Wells, however, nowhere indicated that this is in keeping with Waffle House policy, and in fact indicated that, even when only two

11

waitresses were on duty, a waitress who saw a customer enter should greet the customer. *See* Wells Dep. at 57:22-58:6. **Supporting PSF at ¶ 192.**

Furthermore, Defendant has incorrectly claimed that this portion of the Wells Deposition supports Defendant's Statement of Undisputed Facts at ¶¶ 35-36 and Defendant's Response to Plaintiffs' Statement of Material of Facts at ¶ 130. Ms. Wells' observations about her own experiences at Waffle House have no bearing on whether the Givens placed their order through a white customer who identified himself as a former Waffle House employee.

### DEFENDANT'S REQUESTED SUPPLEMENTATION:

- Ms. Wells was instructed during her training that Waffle House places a priority on serving dine-in customers before customers placing to-go orders. *Id.* at 24-25.
  **Supporting: Defendant's legitimate non-discriminatory explanation for Plaintiffs' delayed service, as set forth in Defendant's Brief in Support of its Motion for Summary Judgment at pp. 10-12.**

  ### PLAINTIFFS' RESPONSE:

  Ms. Wells, however, also acknowledged that a waitresses seeing a customer enter the restaurant is responsible for at least greeting the

002.1436177.1

customer, even if only two waitresses are on duty. *See* Wells Dep. at 57:22-58:6. **Supporting PSF at ¶ 192.**

Furthermore, Plaintiffs object to this supplementation of the record, because Defendant has not cited to any factual statement in the record which is supported by this testimony. Instead, Defendant inappropriately seeks to supplement its summary judgment briefing, which was long-since due in its entirety, on May 2, 2005 — nearly three months ago. Moreover, Defendant appears to be referring to pages 12-14 of its brief, but has miscited those pages as pages 10-12.

## CONCLUSION

Plaintiffs request that the Court grant Plaintiffs leave to supplement its summary judgment opposition record with the above testimony to the extent that Defendant Waffle House, Inc. ("Waffle House") is similarly granted leave to supplement its record with supporting testimony from the same deposition. It would be prejudicial for Waffle House to be allowed to rely on the Wells Declaration and the Wells Deposition as part of its summary judgment record without Plaintiffs having the opportunity to rebut said evidence with testimony from the Wells Deposition. Plaintiffs therefore ask that they be allowed the same

13

opportunity to supplement the summary judgment record with testimony from the Wells deposition, as that afforded to Waffle House.

Dated: July 28, 2005

                              Respectfully Submitted,

                              <u>s/ Heidi Rosenberg Strain</u>

David C. Ates
*Georgia Bar No. 026281*
Alysa B. Freeman
*Georgia Bar No. 275394*
MILLER BILLIPS & ATES, P.C.
730 Peachtree St., Suite 750
Atlanta, Georgia 30308
Phone: 404/969-4101
Facsimile: 404/969-4141

John K. Larkins, Jr.
*Georgia Bar No. 438425*
J. D. Dalbey
*Georgia Bar No. 003150*
CHILIVIS, COCHRAN, LARKINS & BEVER LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
Phone: 404/233-4171
Facsimile: 404/261-2842

14

*Of Counsel:*

Larry L. Shatzer
Heidi Rosenberg Strain
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007
Phone: 202/672-5300
Facsimile 202/672-5399

Jason E. Pauls
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Phone: 444/271-2400
Facsimile: 414/297-4900

Gerald S. Hartman
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
Phone: 202/842-8800
Facsimile: 202/842-8465

Thomas J. Barton
Erin P. Drew
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Phone: 215/988-2700
Facsimile: 215/988-2757

Henderson Hill
FERGUSON, STEIN, CHAMBERS,
ADKINS, GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC  28204-2828
Phone: 704/375-8461
Facsimile: 704/334-5654

Susan E. Huhta
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL
RIGHTS AND URBAN AFFAIRS
11 Dupont Circle NW, Suite 400
Washington DC 20036
Phone: 202/319-1000
Facsimile: 202/319-1010

*Counsel for Plaintiffs*

## **LR 7.1D CERTIFICATION**

I hereby certify, pursuant to LR 7.1D, that the foregoing brief was prepared with one of the font and point selections approved by the court in LR 5.1 B.

s/ Heidi Rosenberg Strain

Heidi Rosenberg Strain, Esq.
(admitted *pro hac vice*)
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007
Phone: (202) 672-5300
Facsimile: (202) 672-5399

002.1436177.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| TERESA GIVENS and LLOYD GIVENS, <br>       Plaintiffs, <br><br> v. <br><br> WAFFLE HOUSE, INC., <br>       Defendant. | Civil Action No. <br> 1:03-CV-3367-WSD |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July, 2005, I caused a copy of the foregoing **MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' SUMMARY JUDGMENT OPPOSITION RECORD** to be served by electronic filing on:

> David E. Gevertz and Kalin M. Light
> ASHE, RAFUSE & HILL, LLP
> 1355 Peachtree Street, N.E., Suite 500
> Atlanta, Georgia 30309-3232

> Respectfully Submitted,
> s/ Heidi Rosenberg Strain
> Heidi Rosenberg Strain
> FOLEY & LARDNER LLP
> 3000 K Street, N.W.
> Washington, D.C. 20007-5101